UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>STEVEN GLEN SILKETT,<br><br>                    Defendant. | Case No. CR88-334-JCC<br><br>**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |

INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on January 26, 2011. The defendant appeared pursuant to a summons issued in this case. The United States was represented by Richard Cohen, and defendant was represented by Walter G. Palmer. Also present was U.S. Probation Officer Breanne Olsen. The proceedings were digitally recorded.

SENTENCE AND PRIOR ACTION

Defendant was sentenced on March 24, 1989 by the Honorable John C. Coughenour for Conspiracy to Distribute cocaine, Possession of Cocaine with Intent to Distribute, and Contempt. He received 262 months of detention and 4 years of supervised release.

On March 27, 2009, Silkett's supervised release was revoked after he was found in violation for using marijuana and for being in possession of methadone. The Court ordered Silkett

PROPOSED FINDINGS OF FACT AND DETERMINATION AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE - 1

sentenced to time served with 35 months supervised release to follow.  The standard conditions were imposed, including the special conditions to reside at a residential reentry center for up to 120 days, substance abuse treatment, financial disclosure, search, and have all identification documents in a single name.

On August 20, 2009, Silkett was revoked for violating the standard conditions of supervised release.  Silkett failed to notify the probation officer at least ten days prior to any change in residence; failed to follow instructions of the probation officer by leaving the clean and sober housing in which he was instructed to reside at; and failed to submit a written report to the probation officer.  He was sentenced to time served and was ordered to remain in custody until he could be placed in a residential reentry center.  He was released on August 27, 2009, at which time his third term of supervised release commenced on August 27, 2009, and it is due to expire on June 26, 2012.

## PRESENTLY ALLEGED VIOLATIONS

In a petition dated November 3, 2010, U.S. Probation Officer Jamie M. Halvorson alleged that defendant violated the following conditions of supervised release:

1. Using marijuana on or before May 20, 2010, in violation of a standard condition.
2. Using methamphetamine and heroin from July 23, 2010, to August 5, 2010, in violation of a standard condition
3. Using heroin on or before August 17, 2010, in violation of a standard condition.
4. Possessing and administering heroin on or about September 22, 2010, in violation of a standard condition.

## FINDINGS FOLLOWING EVIDENTIARY HEARING

Defendant admitted the above violations, waived any hearing as to whether they occurred,

PROPOSED FINDINGS OF FACT AND DETERMINATION AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE - 2

1  and was informed the matter would be set for a disposition hearing on February 4, 2011 at 9:00

2  a.m. before District Judge John C. Coughenour.

3  RECOMMENDED FINDINGS AND CONCLUSIONS

4  Based upon the foregoing, I recommend the court find that defendant has violated the

5  conditions of his supervised release as alleged above, and conduct a disposition hearing.

6  DATED this 26th day of January, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND DETERMINATION AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE - 3